IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| ERIC BERTHIAUME,<br><br>         *Plaintiff,*<br>  v.<br><br>TODD DOUGLAS DOREMUS, DBA YELLOW SUBMARINE<br><br>         *Defendant.* | CASE NO. 6-13-cv-00037<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the court on Plaintiff Eric Berthiaume's Motion for Attorneys' Fees and Costs ("Motion for Fees"). Plaintiff filed his Complaint in this Americans with Disabilities Act case on July 3, 2013. Plaintiff claimed Todd Douglas Doremus ("Defendant"), owner of the Yellow Submarine restaurant in Lynchburg, Virginia, discriminated against Plaintiff, who has cerebral palsy and uses a walker to move, through barriers to access the restaurant and its restrooms. I granted Plaintiff's Motion for Default Judgment on February 11, 2014 and ordered Defendant to comply with several permanent injunctions regarding the accessibility of his restaurant under the ADA. *See* Feb. 11, 2014 Mem. Op. and Order (docket nos. 17, 18). Plaintiff now seeks the $9,550 in attorneys' fees and the $450 in court costs he incurred while pursuing this case. Since I find that Plaintiff was the prevailing party in this case and that Plaintiff requests a reasonable amount of fees and costs, I will grant Plaintiff's Motion for Fees and award Plaintiff's counsel attorneys' fees and costs in the amount of $10,000.

## II. BACKGROUND[1]

Defendant owns the Yellow Submarine restaurant in Lynchburg, Virginia, located at 3313 Old Forest Road. In his complaint, Plaintiff alleged that Defendant discriminated against

---

[1] I deemed all of Plaintiff's factual allegations admitted by this defaulting defendant. Fed. R. Civ. P. 8(b)(6).

him under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq*. Plaintiff has cerebral palsy and uses a walker to move. He claimed Yellow Submarine is a place of public accommodation that violated the ADA by failing to remove architectural barriers to accessibility, including steps between the sidewalk and Yellow Submarine's front and side entrances. Plaintiff attempted to access the restaurant on May 8, 2013, but could not because of steps leading to its entrance and a lack of other accessible entrance options.

Plaintiff also pleaded, on information and belief, that he would not be able to access Yellow Submarine's restroom because of "[an] improper door handle, no grab bars, improper sink controls," and inadequate space around the toilet. *Id.* at ¶¶ 15, 45. Plaintiff did not visit the restrooms, but his counsel conducted an investigation there.

Plaintiff attempted to negotiate with Defendant to solve the accessibility issues without resorting to litigation, but those efforts failed. Thereafter, Plaintiff filed a complaint in this Court on July 3, 2013, alleging ADA violations and seeking permanent injunctions to bring Defendant's restaurant into compliance. On October 1, 2013, Plaintiff provided personal service of his complaint and a "Summons in a Civil Action" on Defendant at Yellow Submarine. Defendant did not respond to the complaint or summons, and did not file an answer or other documentation in this Court. On October 31, 2013, Plaintiff filed for an entry of default with the Clerk of this Court, and received one on November 1, 2013. On December 30, 2013, Plaintiff filed a Motion for Default Judgment under Federal Rule of Civil Procedure 55(b)(2). As part of that judgment, Plaintiff sought certain permanent injunctions requiring Defendant's compliance with the ADA so that Plaintiff could access his restaurant.[2]

---

[2] The injunctions sought in Plaintiff's Motion for Default Judgment are as follows:

    1. Issue a permanent injunction prohibiting Defendant from discriminating against Mr. Berthiaume and others similarly situated by preventing them from entering Yellow Submarine Restaurant;

On January 8, 2014, I ordered the parties to schedule a hearing so that I could further explore Plaintiff's allegations and other matters. Defendant received notice of the hearing by certified mail on January 22, 2014. On February 7, 2014, all parties appeared at the hearing, where the parties argued the merits of Plaintiff's Motion for Default Judgment and I discussed the possibility of an award of attorneys' fees.[3] On February 11, 2014, I granted Plaintiff's Motion for Default Judgment, finding that Plaintiff sufficiently alleged a prima facie case of discrimination under the ADA. In granting the motion, I issued the following permanent injunctions:

\* \* \*

> 2. Defendant is hereby permanently enjoined from discriminating against Plaintiff under the ADA by not removing or otherwise circumventing barriers to Plaintiff's access to Yellow Submarine and its restrooms;
> 3. Within 90 days of receiving notice of this order, Defendant shall install an appropriate ramp, either temporary or permanent and to the specifications of the ADA and its regulations, or offer other appropriate accommodations under the ADA so that Plaintiff can enter Yellow Submarine;
> 4. Within 90 days of receiving notice of this order, Defendant shall modify Yellow Submarine's restroom so that it is accessible to Plaintiff by ADA standards, including any necessary installation of door hardware, grab bars in toilet stalls, removal of toilet partitions, and repositioning of the paper towel dispenser.

*See* Feb. 11, 2014 Order at 1–2 (footnote omitted) (docket no. 18).

---

> 2. Issue a permanent injunction requiring that Defendant comply with the ADA, ADA Regulations and ADAAG and ensure that Plaintiff and others similarly situated can enter Yellow Submarine restaurant;
> 3. Issue a permanent injunction requiring that Defendant install an appropriate ramp, and proper threshold, or offer other appropriate accommodations, at Defendant's Restaurant so that Plaintiff and others similarly situated can enter Defendant's Restaurant;
> 4. Issue a permanent injunction requiring that Defendant install an accessible restroom, including door, hardware, water closet, sink, and other components, that meets the ADA standards, ADA Regulations, and ADAAG requirements;
> 5. Order Defendant to pay the reasonable attorney's fees, costs and interest incurred by Plaintiff in an amount to be determined; and
> 6. Award Plaintiff such other and further relief that this Court deems just and proper.

Mot. for Default J. at 4–5.

[3] Defendant did not respond to this Court's order to schedule a hearing, but attended the hearing.

Plaintiff filed this Motion for Fees on March 6, 2014, seeking the $9,550 in attorneys' fees and $450 in costs associated with pursuing this action.  On March 13, 2014, Plaintiff supplemented his Motion for Fees with a Declaration in Support by Jonathan G. Martinis, in which Mr. Martinis stated his opinion that the hourly rates Plaintiff requested were "eminently reasonable," and likely even "lower than prevailing rates for similarly experienced counsel and staff."  *See* Decl. in Supp. of Mot. for Fees at 1–2 (docket no. 21).  On April 28, 2014, this Court issued a notice, similar to that issued in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), informing Defendant of Plaintiff's request for fees and that this Court would dispose of it even if Defendant failed to respond.  *See* Apr. 28, 2014 Order (docket no. 22).  I gave Defendant twenty-one days to respond to the Motion for Fees, a deadline that has passed with no response.

### III.  LEGAL STANDARD

The ADA allows a court, in its discretion, to award a prevailing party "a reasonable attorney's fee, including litigation expenses, and costs."  42 U.S.C. § 12205.  A civil rights plaintiff is a prevailing party if he "obtain[s] at least some relief on the merits of his claim."  *Farrar v. Hobby*, 506 U.S. 103, 111 (1992).  "Federal courts routinely award fees to prevailing parties in civil rights and discrimination cases," *Shasteen v. Olympus Gym, Inc.*, 121 F.3d 700, 1997 WL 488848, at *1 (4th Cir. Aug. 22, 1997) (unpublished), and "a prevailing plaintiff in an ADA action is generally entitled to recover fees paid to an attorney unless special circumstances render such an award unjust."  *Rhoads v. F.D.I.C.*, 286 F. Supp. 2d 532, 541 (D. Md. 2003) *aff'd*, 94 F. App'x 187 (4th Cir. 2004).

In considering attorney's fees in an ADA action, a court must first determine whether the applicant is a prevailing party.  A prevailing party must obtain "actual relief on the merits of his claim [that] materially alters the legal relationship between the parties by modifying the

defendant's behavior in a way that directly benefits the plaintiff." *Farrar*, 506 U.S. at 111; *see also Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001) (acknowledging that "judgments on the merits" as well as "settlement agreements enforced through [] consent decree[s] may serve as the basis for an award of attorney's fees," because they constitute "chang[es] [in] the legal relationship between [the plaintiff] and the defendant."). However, a person is not a prevailing party if the person fails to secure a judgment on the merits, achieving "the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." *See Buckhannon*, 532 U.S. at 600.

If a court finds that an applicant is a prevailing party, the court must then consider "whether an award of attorney's fees should be granted to the prevailing party and what amount would be reasonable under the specific circumstances of the case; the district court has significant discretion in determining the amount of a statutory fee award." *Rhoads*, 286 F. Supp. 2d at 541. In the context of the Civil Rights Attorney's Fees Awards Act, among others, the Fourth Circuit has utilized a twelve-factor analysis to discern what amount of attorney's fees would prove reasonable. *See, e.g.*, *Lilly v. Harris-Teeter Supermarket*, 842 F.2d 1496, 1510–11 (4th Cir. 1988) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) and 42 U.S.C. § 1988); *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978) (adopting *Johnson* factors). These factors likewise apply to determining whether a requested fee award would be reasonable for a prevailing party in an ADA suit, and I will utilize them in this case. *See, e.g.*, *Rhoads*, 286 F. Supp. 2d at 543.

## IV. Discussion

Plaintiff requests $10,000 in attorneys' fees and costs. This figure includes $9,550 in attorneys' fees, which represents 53 hours, mostly billed at $200 per hour.[4] The remaining $450 represents this Court's filing fee of $400 and a $50 service fee (because Defendant did not respond to waive service). *See* Mot. for Fees at 5. Plaintiff's counsel has deducted many hours from each attorney and staff member's time sheets as "no charge" hours and has not requested the costs of driving to and from Lynchburg to investigate the case and attend court hearings.

### A. Prevailing Party

A prevailing party must obtain "actual relief on the merits of his claim [that] materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar*, 506 U.S. at 111; *see also Buckhannon*, 532 U.S. at 604. Federal district courts have found that ADA plaintiffs qualify as prevailing parties when those plaintiffs won injunctions or settlements over which courts retained jurisdiction. *See, e.g.*, *Blackwell v. Foley*, 724 F. Supp. 2d 1068, 1074 (N.D. Cal. 2010) (observing the ADA offers only injunctive relief and provides for an award of attorney's fees to the prevailing party); *Doe v. Hogan*, 421 F. Supp. 2d 1051, 1059 (S.D. Ohio 2006) (finding ADA plaintiff who gained settlement was prevailing party, and granting attorney's fees to plaintiff).

This Court's February 11, 2014 Memorandum Opinion and Order granted Plaintiff actual relief on the merits of his claim that materially altered the relationship between the parties by ordering that Defendant make his restaurant accessible to Plaintiff. *Cf. Farrar*, 506 U.S. at 111;

---

[4] The Motion for Fees notes that two attorneys, Mr. Traubert and Ms. Ek, and one paralegal/disability rights advocate, Ms. Stumhofer, worked on this case. Mr. Traubert billed 33 hours at $200 per hour, Ms. Ek billed 5 hours at $200 per hour, Mr. Traubert billed as a Managing Attorney at $350 per hour for 3 hours, and Ms. Stumhofer billed at $75 per hour for 12 hours. *See* Mot. for Fees at 7–9. The average hourly rate requested for the 53 hours worked, billed at a total of $9,550, equals about $180 per hour. Plaintiff does not request an amount greater than this figure, so no lodestar multiplier is involved. *See generally Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 244 (4th Cir. 2009) (discussing calculation of lodestar: multiplying the hours spent times a reasonable hourly rate).

*Buckhannon*, 532 U.S. at 604. Although Plaintiff initially sought slightly broader permanent injunctions than those granted by this Court, the permanent injunctive relief granted was the only relief Plaintiff ultimately sought in this litigation.

In his complaint, Plaintiff requested: (1) a declaration that Yellow Submarine is "a place of public accommodation" and "is not accessible to Mr. Berthiaume, in violation of his rights under the ADA;" (2) "a permanent injunction prohibiting Defendant from discriminating against Mr. Berthiaume by violating his rights under the ADA," partially by "requiring Defendant to fully comply with the ADA, ADA Regulations and ADAAG," and partly by "ensuring that Mr. Berthiaume can fully and equally access and utilize the goods and services provided by Defendant." Compl. at 10. In the Motion for Default Judgment, Plaintiff specified how this relief could be effected more particularly, asking this Court to order that Defendant make his entrance ADA-compliant and accessible to Plaintiff and "others similarly situated" and install an accessible restroom. *See* Mot. for Default J. at 5.

In this Court's February 11, 2014 Memorandum Opinion and Order, I found that Yellow Submarine is a place of public accommodation and was not accessible to Plaintiff in violation of his rights under the ADA. *See* Feb. 11, 2014 Order at 1. I also issued several permanent injunctions requiring that Defendant modify Yellow Submarine's entrance and restrooms, in ways Plaintiff requested in the Motion for Default Judgment, so that the entrance and restroom would be accessible to Plaintiff by ADA standards. *Id.* at 1–2. Clearly, in granting Plaintiff's Motion for Default Judgment, I granted Plaintiff relief on the merits that directly benefitted him: the injunctions required Defendant to physically modify his restaurant so that it would be accessible to Plaintiff. This confers prevailing party status on Plaintiff for the purposes of the

ADA's fee shifting provision.  *See* 42 U.S.C. § 12205; *Blackwell*, 724 F. Supp. 2d at 1074; *Doe*, 421 F. Supp. 2d at 1059.

### B.  A Reasonable Award and the *Johnson* Factors

The Fourth Circuit has instructed that courts should consider the twelve factors from *Johnson v. Georgia Highway Express* in "arriving at the proper hourly rate for the lodestar calculation." *Lilly v. Harris-Teeter Supermarket*, 842 F.2d 1496, 1510–11 (4th Cir. 1988).  In other words, a court should consider the twelve *Johnson* factors in determining what amount of attorney's fees and costs would be "reasonable under the specific circumstances of the case," taking into account the number of hours reasonably expended, multiplied by a reasonable hourly rate.  *See Rhoads*, 286 F. Supp. 2d at 541.  For the reasons that follow, I find that Plaintiff's requested attorneys' fees of $9,550 constitute a reasonable award.  The rate at which Plaintiff has billed this work constitutes a reasonable hourly rate, averaging about $180 per hour, and 53 hours constitutes a reasonable amount of time expended on this case.

### 1.  Hourly Rate

First, I consider the following factors in discerning what constitutes a reasonable hourly rate for work performed by Plaintiff's counsel:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*See, e.g., Blackwell*, 724 F. Supp. 2d at 1081; *see generally Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 718–19 (5th Cir. 1974).[5]

The time and labor required in this ADA case involving a non-responsive defendant understandably proved substantial. Plaintiff's counsel had to investigate the nature of Defendant's business, precisely measure accessibility problems, brainstorm and research potential solutions, and argue before this Court about complex and unsettled standing issues, all without crucial financial and architectural information from Defendant. These diligent efforts showed in Plaintiff's thorough briefing and argument. Many of the questions involved, including whether Plaintiff possessed standing to bring this action, were novel and complex. Considerable skill, time, and labor was required to research this evolving area of law, gather information from Plaintiff, guess about the particulars of Defendant's business, analyze the premises, and suggest readily achievable solutions in briefing and argument, all without Defendant's input. As a result, Plaintiff's counsel states that his office's resources could not be spent taking on new cases, that other case projects had to be deferred, and that other goals and priorities were limited. *See* Mot. for Fees, Traubert Decl. ¶ 21. I find that the first four factors weigh in favor of the attorneys' fee Plaintiff requests.

Many of the remaining factors also weigh in favor of Plaintiff's requested fee. Working for a disability rights advocacy organization, Plaintiff's counsel possesses considerable experience and ability in these cases. If counsel's conduct in this litigation is any indication, they likely also benefit from a good reputation in the legal community. Counsel charged Plaintiff nothing for the services rendered. ADA accessibility cases like this one are often seen as undesirable by attorneys because of the difficulty of proving the claims and the small chances

---

[5] After this step, a deduction is sometimes made in the fee amount to account for a plaintiff's pursuit of unsuccessful claims. *See, e.g.*, *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243–44 (4th Cir. 2009). Since Plaintiff essentially prevailed in all of his claims, I will not make such a deduction in this case.

of receiving payment for the work, even on a contingent basis. Providing a fee award in such an undesirable, contingency-fee case vindicates the policy animating the ADA's provision for fees. It encourages attorneys to help disabled persons assert and vindicate their rights when attorneys might otherwise shy away from this type of representation.

Several of the *Johnson* factors bear little relevance to this case. Although Plaintiff wished to gain access to the restaurant as quickly as possible, this case did not pose particularly difficult time limitations that would affect the attorneys' fees. Plaintiff did not seek damages in this case, but he enjoyed success in obtaining permanent injunctions that ordered the accessibility he sought.[6] Plaintiff did not have a long-standing relationship with his counsel that might have led to a reduction in the amount charged; instead, as a nonprofit, public interest organization, his counsel knew of his "limited financial means" and accepted his case "without any compensation" from him.[7] Mot. for Fees, Traubert Decl. ¶ 23.

Finally, the customary fee for this type of work and the fees awarded in similar cases support Plaintiff's requested hourly rate. Regarding the customary fee for this type of work, Plaintiff submitted a declaration from Mr. Jonathan G. Martinis, the Legal Director for a nonprofit legal advocacy organization called Quality Trust for Individuals with Disabilities. *See* Martinis Aff. in Supp. of Mot. for Fees ("Martinis Affidavit"). Mr. Martinis once worked for the Virginia Office for Protection and Advocacy (VOPA), the predecessor organization to the disAbility Law Center of Virginia, where Plaintiff's counsel now work. Martinis Aff. ¶ 4.

---

[6] The amount of damages obtained may be relevant to the degree of a plaintiff's success, or to the reasonableness of a disproportionately large fee award. But the amount of damages should not act as a cap on the statutory damages granted by the ADA, and in ADA cases in which injunctive relief predominates, a lack of damages does not preclude a large fee award. *See Blackwell*, 724 F. Supp. 2d at 1074, 1076–78, 1085–86; *Doe*, 421 F. Supp. 2d at 1059–61.

[7] Nor does counsel's status as a nonprofit, public interest organization jeopardize its eligibility for attorneys' fees at fair market value. *See Doe*, 421 F. Supp. 2d at 1060 (holding state-funded agency representing disabled person was entitled to attorney's fees at fair market rate (citing *Eggers v. Bullitt Cty. Sch. Dist.*, 854 F.2d 892 (6th Cir. 1988)).

Explaining that he has represented people with disabilities for over twenty years, and has been lead counsel in over 500 cases, Mr. Martinis opines that Plaintiff's counsel requests an "eminently reasonable" rate for the services provided. Martinis Aff. ¶ 7. Drawing on his litigation experience in Virginia and in this district, Mr. Martinis states that "the hourly rates, hours worked and total fees and costs sought in plaintiff's Motion are more than reasonable and consistent with those sought by similarly experienced counsel and staff in similar cases in this District and Division." Martinis Aff. ¶ 9. I find Mr. Martinis is qualified to opine on the customary fee for disability rights representation in this district and that his opinion supports a finding that Plaintiff's requested fee is reasonable.

Fee awards in similar cases also support Plaintiff's request, including an award in the Western District of Virginia involving some of the same attorneys. In *Siler v. Thai Thaworn, Inc.*, No. 7:08-cv-00483, slip op. at 3–4 (Mar. 17, 2009) (unpublished), a court in this district approved a fee of $350 per hour for a managing attorney at VOPA (at the time, Mr. Martinis), a $150-per-hour fee for Ms. Ek, and a $75-per-hour fee for a paralegal/disability rights advocate. *Id. See also Cnty. Sch. Bd. Of York Cnty., Va. v. A.L. et al.*, No. 4:03-cv-00174, 2007 WL 756586, at *8, 13 (E.D. Va. Mar. 6, 2007) (finding hourly rates of $150 for staff attorneys and $350 for managing attorney reasonable in a special education case). Five years have passed since *Siler*, and Ms. Ek and Mr. Traubert request only slightly more than that approved amount for staff attorney work. They request the same amount as in *Siler* for the work performed by a paralegal/disability rights advocate. Mr. Traubert has over ten years of experience representing clients in over 200 disability rights cases, while Ms. Ek has over six years of experience in these cases. *See* Traubert Decl. ¶ 4; Ek Decl. ¶ 4. Given the increased experience of these attorneys

11

since *Siler*, their substantial expertise in disability rights law, and their meticulous efforts to bill at a staff attorney rate, I find that their requested fee of $200 per hour is reasonable.

All the relevant *Johnson* factors weigh in favor of finding that Plaintiff's requested fee constitutes a reasonable hourly rate for the work performed in this case. I find that $350 for a managing attorney, $200 for a staff attorney, and $75 for a paralegal/disability rights advocate constitute reasonable hourly rates in this district for work on a disability rights case in these circumstances.

## 2. Hours Expended

I find that Plaintiff expended a reasonable number of hours on this case. In the Motion for Fees, Plaintiff's counsel explains that he "reviewed the Statements [of Work Performed] and identified the majority of hours worked in this case as 'No Charge' hours." Mot. for Fees at 7. Plaintiff deducted those hours, and "does not seek attorneys['] fees for any work or time identified as 'No Charge.'" *Id.* Plaintiff deducted 1.5 hours from Ms. Ek's time sheet, 7.5 hours from Mr. Trauber's "Managing Attorney" time sheet, 32.4 hours from Mr. Traubert's "Senior Staff Attorney" time sheet,[8] and 3 hours from Ms. Stumhofer's time sheet. *Id.* at 7–8. The total number of hours expended fell to 53 hours after these cuts.[9] This figure encompasses screening the client, researching the law, effecting service, filing the complaint and motions, arguing

---

[8] Mr. Traubert explains that most of the work he performed could have been performed by a staff attorney, but one was not available. Therefore, he billed at a staff attorney rate, even though he is a managing attorney in his office. *See* Mot. for Fees, Traubert Decl. ¶ 7.

[9] Mr. Traubert and the other persons who worked on this case also noted that they meticulously documented the work performed immediately after its performance, and did not record hours spent if there was no notation of exactly what work was performed during a given time frame. *See, e.g.*, Mot. for Fees, Traubert Decl. ¶ 7.

before this Court, and doing more extensive research on the issues than is perhaps customary due to Defendant's lack of response.[10] *See* Mot. for Fees, Decls. of Traubert, Ek, and Stumhofer.

Expending 53 hours to file a complaint, effect service, investigate, research, and pursue a complex ADA case to its conclusion is reasonable. Defendant mounted no opposition, apart from his appearance at the Motion for Default Judgment hearing, but his absence cuts both ways. Plaintiff expended more time effecting service, attempting to communicate, and researching the relevant law without a responsive opponent, but Plaintiff was also able to obtain a favorable default judgment more quickly and easily due to the lack of response. On the whole, the amount of time Plaintiff expended is reasonable.

### 3. Costs

I will also award Plaintiff the $450 in costs that he requests. Plaintiff makes no attempt to bill for any copying, mileage, or other costs associated with this case, instead requesting only the cost of the filing fee and of serving court papers on Defendant. Asking Defendant to pay these costs is more than reasonable, especially since it seems that the case was filed and service was issued in part due to Defendant's refusal to respond to Plaintiff.

---

[10] Plaintiff's counsel did not charge for the time spent traveling to and from Yellow Submarine for investigations and negotiations, nor for time traveling to and from this Court for the February hearing. *See* Mot. for Fees, Traubert Decl. ¶ 26, Traubert Statement of Work Performed at 4.

## V. CONCLUSION

Since I find that my February 11, 2014 Memorandum Opinion and Order conferred prevailing party status on Plaintiff, it is within my discretion to award him reasonable attorneys' fees and costs. After considering the *Johnson* factors, I find the $9,550 in attorneys' fees and $450 in costs requested by Plaintiff to be reasonable, and I will exercise my discretion to award Plaintiff the entire $10,000 in fees and costs. An appropriate order follows.

Entered this  12th  day of June, 2014.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE